## MATTER OF DIN

### In Visa Petition Proceedings

#### A-17890725

*Decided by Acting Regional Commissioner May 3, 1967*

Notwithstanding beneficiary, who has B.A. and M.A. degrees as well as extensive experience in forestry, is a member of the professions within the meaning of section 101(a)(32) of the Immigration and Nationality Act, as amended, where he intends to remain employed outside the United States and will spend only his vacations in this country, a visa petition to accord him preference classification under section 203(a)(3) of the Act, as amended, as a silviculturalist or forestry specialist, is denied since as a third preference immigrant he comes within the purview of section 212(a)(14) of the Act and must establish a bona fide intent to engage in his profession or a related field within the United States.

This case comes forward on appeal from the decision of the District Director, Honolulu, who denied the petition on March 31, 1967 as follows:

The law (section 212(a)(14) of the Immigration and Nationality Act) relating to petitioners seeking classification as third preference immigrants requires a bona fide intent to engage *in the United States* in the type of work described in the petition.

Since you do not intend to practice your profession in the United States, your petition cannot be approved.

The petitioner is a 52-year-old maried male, a native and citizen of Burma presently residing in Nepal with his wife and children, also natives and citizens of Burma.

Petitioner seeks a preference classification under section 203(a) (3) of the Immigration and Nationality Act, as amended, as a professional silviculturist and forestry specialist. He has presented evidence of graduation from the Judson College and Rangoon University, Burma, in 1935 with a B.S. in natural science, and graduation from Oxford University, United Kingdom, in 1939 with a B.A. in forestry, and in 1951 with a Master's Degree in forestry. His academic qualifications are well established.

From 1953 to 1956 he was employed by the Government Forest Serv-

413

ice of Burma "In charge of a Forest Circle comprising six Forest Divisions" and was also a Professor of Foresty at Rangoon University. He is presently on the permanent staff of the Food and Agriculture Organization of the United Nations, with headquarters in Rome, Italy. From 1958 to January 1966 he was employed by the "Food and Agriculture Organization of the United Nations" as the Regional Foresty Officer in charge of the Asia-Pacific Region, working out of Regional Headquarters in Bangkok. Since January 1966 he has been Project Manager of the United Nations Development Program, working out of Rome, Italy.

He has stated that as a permanent member of the staff of the Food and Agriculture Organization of the United Nations, he has ten (10) years to go until retirement. For personal reasons he does not wish to return with his family to Burma and states that for "administrative purposes for home-leave travel, etc., I am required to give a state as home, hence my choice of Hawaii. . . ., I will establish my residence and home in Hawaii." He states that until retirement, ten (10) years hence, he will come to Hawaii for vacations on anunal leave from his employment with the United Nations from wherever he may be stationed abroad. He goes on to state: "Thus I will not be engaged in any profession in Honolulu, Hawaii itself, as I will all the time be on the FAO/UN permanent staff as an international civil servant." He is not seeking employment in the United States and does not intend to be employed in the United States.

Section 203(a)(3) of the Immigration and Nationality Act, as amended, provides for the issuance of visas "to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States."

Section 212(a)(14) provides for the exclusion of aliens seeking to enter the United States to perform skilled or unskilled labor unless the Secretary of Labor has determined and certified to the Attorney General as to the availability of like labor in the United States.

The petitioner is a member of the professions within the purview of section 203(a)(3) of the Act by reason of his academic degrees in forestry from an accredited institution of higher learning. The Department of Labor certification requirement of section 212(a)(14) has been met in that his academic graduate degree places him within Group I of Schedule A of 29 CFR 60 for which the Secretary of Labor has issued a blanket certification.

The term "seeking to enter the United States for the purpose of performing skilled or unskilled labor" as found in section 212(a)(14)

of the Act includes aliens seeking preference classification under section 203(a)(3) of the Act and contemplates that such aliens perform in the United States those services which entitle them to the preference classification for which petitioned. The phrase "for the purpose of performing" clearly indicates that an immigrant alien within the contemplation of section 212(a)(14) must establish a bona fide intent to engage in his profession or a related field. In addition, at page 12 of the House of Representatives Report No. 745, 89th Congress, First Session, prepared by the Committee on the Judiciary in connection with H.R. 2580 (which, as amended, was enacted as P.L. 89-236), the Committee made the following statement regarding the preferences established by the proposed legislation:

Preference is also provided for those professional people, with personal qualifications, whose services are urgently needed in the United States.

Thus, it appears to be clear that it was the Congressional intent to award a preference classification to members of the professions, in contemplation that they would perform needed services for which their professional status qualified them. It does not appear to have been the wish of the Congress to award such a preference to an alien who, although fully qualified as a member of the professions, had no intention of engaging in his profession or, at least, in a related field for which he was fitted by virtue of his professional education or experience. *Matter of Semerjian,* Interim Decision #1627, decided by the Regional Commissioner June 28, 1966.

In his brief on appeal, the petitioner states that if he had not "elected" to accept his assignment with the United Nations he could be employed on the faculty of any leading American university or any United States government foreign post or a private company. While this may be true, he is not so employed. His employment is outside of the United States and he is not seeking entry to preform services within the United States.

Under the circumstances, the decision of the District Director was proper. The appeal will be dismissed.

ORDER: It is ordered that the appeal be dismissed.